IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUFINO TORRES,

    Petitioner,

vs.                                                                                  No. CIV 21-0032 JB/SMV

DWAYNE SANTISTEVAN and HECTOR BALDERAS,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Rufino Torres' failure to address the filing fee that 28 U.S.C. § 1915 requires. The Honorable Stephan Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Torres either to prepay the five-dollar habeas filing fee or, alternatively, to request permission to proceed in forma pauperis. See Order Permitting Amendment and Requiring Cure at 1, filed March 23, 2021 (Doc. 3)("Cure Order"). Because Torres did not comply, the Court will dismiss this habeas case without prejudice.

## PROCEDURAL BACKGROUND

Torres is incarcerated at the Lea County Correctional Facility. See Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 1, filed January 12, 2021 (Doc. 1)("Petition"). On January 12, 2021, Torres filed a Petition challenging his state convictions for non-residential burglary, conspiracy, larceny, and disposing of stolen property. See Petition ¶ 5, at 1. On January 25, 2021, Torres filed a Motion to Amend Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. See Motion to Amend Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody at 1,

filed January 25, 2021 (Doc. 2)("Motion to Amend"). The Motion to Amend elaborates on the arguments in the Petition and raises additional grounds for relief from Torres' state convictions. See Motion to Amend at 1-5. Construed liberally, the Motion to Amend functions as a supplement to the Petition. See Motion to Amend at 1-5.

By an Order entered March 23, 2021, Magistrate Judge Vidmar granted the Motion to Amend. See Cure Order at 1. The Cure Order also fixed a deadline of April 23, 2021, for Torres either to prepay the $5.00 habeas filing fee or to file a motion for leave to proceed in forma pauperis along with an inmate financial statement. See Cure Order at 1-2. The Cure Order warned that, if Torres did not address timely the filing fee, it would result the Petition's dismissal without prejudice and without further notice. See Cure Order at 2. The Clerk's Office mailed Torres a blank motion for leave to proceed in forma pauperis, which contains instructions how to obtain a waiver of the prepayment requirement. See Cure Order at 2.

Torres has not prepaid the filing fee, moved to proceed in forma pauperis, or otherwise responded to the Cure Order. The Court will analyze whether to dismiss this case for failure to prosecute and to respond to Orders.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental

precept of modern litigation . . . ." See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162.

As noted above, Torres has not prepaid the filing fee or move to proceed in forma pauperis, as 28 U.S.C. § 1915(a) and the Cure Order require. He also has not shown cause why he did not pay the filing fee. Consequently, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, because the Nasious factors weigh in favor of dismissal without prejudice. See Nasious, 492 F.3d at 1162.

**IT IS ORDERED** that (i) the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed January 12, 2021 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Rufino Torres
Hobbs, New Mexico

    *Petitioner pro se*